[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION FOR INTERIM SUSPENSION OF ATTORNEY
This is an application for the interim suspension of the Respondent CT Page 11346 Lawrence Hillman pending the resolution of three underlying Grievance Complaints now before the Applicant Statewide Grievance Committee. The undersigned held a hearing at which the parties submitted a written stipulation to the following set of facts:
The Respondent was duly admitted as a member of the Bar of the State of Connecticut on or about November 17, 1981. On November 29, 1999, Attorney Gerald H. Dupont ("Complainant"), filed a Complaint Against Attorney alleging misconduct on the part of the Respondent. (Grievance Complaint #99-0477, Dupont v. Hillman). The Complaint alleged that on May 12, 1999, the Complainant sent the Respondent a collection matter on behalf of his client, Astro Chemicals, Inc. The Respondent filed suit against Petro Lube, Inc. and, thereafter, failed to advise the Complainant of the status of the matter despite several telephone calls and letters sent to the Respondent between August of 1999 and October of 1999. The Respondent also failed to provide the Complainant with the file despite letters sent to the Respondent in October 1999 and November 1999 requesting return of the file. The Respondent was given notice of the complaint and asked to respond, but failed to do so.
On February 23, 2000, the Grievance Panel for the Judicial District of New Haven, Geographical Areas 7 8 filed a determination that there existed probable cause that the Respondent violated Rules 1.3 and 1.4 of the Rules of Professional Conduct and Practice Book § 2-32 for failure to file a response to the grievance complaint. Pursuant to Practice Book Section 2-35(c), a hearing was held before the Applicant on May 11, 2000.
The Respondent appeared at the hearing pursuant to a subpoena and testified that he had no defense to the complaint. He testified that he took no further action after the case was returned to court and provided the Complainant with the Petro Lube file at the hearing.
On November 29, 1999, Attorney Dupont had filed another Complaint Against Attorney alleging misconduct on the part of the Respondent. (Grievance Complaint #99-0478, Dupont v. Hillman). He alleged that On September 23, 1998, he sent the Respondent a collection matter on behalf of his client, Astro Chemicals, Inc. A stipulated judgment was entered against Elite Beverage, Inc. for $10,208.86 to be satisfied upon receipt of $8,000.00. The Respondent failed to remit any proceeds to the Complainant and failed to advise the Complainant of the status of the matter despite several telephone calls and letters sent to the Respondent between March of 1999 and October of 1999. The Respondent also failed to provide the Complainant with the file despite several letters sent to the Respondent by the Complainant requesting return of the file. The Respondent was given notice of the complaint and asked to respond, but CT Page 11347 failed to do so.
On February 23, 2000, the Grievance Panel for the Judicial District of New Haven, Geographical Areas 7 8 filed a determination finding that there existed probable cause that the Respondent violated Rules 1.3, 1.4, 1.15(b) and 1.16 of the Rules of Professional Conduct and Practice Book § 2-32 for failure to file a response to the grievance complaint. Pursuant to Practice Book § 2-35(c), a hearing was held before the Applicant on May 11, 2000.
The Respondent appeared pursuant to a subpoena and testified that he had no defense to the complaint. He testified that Elite Beverage, Inc. made five payments of $800.00 towards the stipulated judgment and that he misappropriated the $4,000.00. The Respondent provided the Complainant with the Elite Beverage file at the hearing.
On November 29, 1999, Attorney. Dupont had filed another Complaint Against Attorney alleging misconduct on the part of the Respondent. (Grievance Complaint #99-0479, Dupont v. Hillman) alleging that On November 12, 1997, he had sent the Respondent a collection matter on behalf of his client, Astro Chemicals, Inc. Summary Judgment was entered against A-1 Environmental Recycling for $6,507.88. The Respondent remitted $1,309.53 to the Complainant on December 2, 1998. The $4,824.21 balance was to be satisfied by $125.00 weekly payments. The Respondent failed to remit the balance to the Complainant or provide the Complainant with information about the status of the matter despite several telephone calls and letters sent to the Respondent between April of 1999 and October of 1999. The Respondent also failed to provide the Complainant with the file despite several letters sent to the Respondent by the Complainant requesting return of the file. The Respondent was given notice of the complaint and asked to respond, but failed to do so.
On February 23, 2000, the Grievance Panel for the Judicial District of New Haven, Geographical Areas 7 8 filed a determination finding that there existed probable cause that the Respondent violated Rules 1.3, 1.4, 1.15(b) and 1.16 of the Rules of Professional Conduct and Practice Book § 2-32 for failure to file a response to the grievance complaint. Pursuant to Practice Book § 2-35(c), a hearing was held before the Applicant on May 11, 2000.
The Respondent appeared pursuant to a subpoena and testified that he had no defense to the complaint. He testified that he collected $1,683.67 pursuant to a bank execution and remitted $1,309.53 to the Complainant and $374.14 to himself for legal fees, and that A-1 Environmental satisfied the judgment by making thirty-nine (39) payments of $125.00 to him. He acknowledged depositing $4,250.00 into his trustee account, which he CT Page 11348 misappropriated. He also testified that he is holding five checks, totaling $625.00, which he did not deposit into his trustee account. He provided the Complainant with the A-1 Environmental Recycling file at the hearing.
The Respondent submitted a billing statement at the May 11, 2000 hearing showing that a total of $8,250.00 was owed to Astro Chemicals, Inc. in connection with the Respondent's representation. He testified that he was not then in a position to reimburse the misappropriated funds.
On August 10, 2000, the Applicant held a second hearing in connection with the three underlying grievance complaints. The Respondent was served in hand on June 21, 2000 with a subpoena to appear at the August 10, 2000 hearing and produce his books and records regarding his client's fund account, but the Respondent did not appear at the hearing. Instead, he telephoned the Office of the Statewide Grievance Committee on the morning of the hearing and left a message that he would be unable to attend the hearing because he was sick.
A day or two following that hearing, Assistant Bar Counsel, Christopher Slack, spoke with the Respondent regarding the hearing and the subpoenaed documents. Attorney Slack advised the Respondent that the reviewing committee agreed to continue the hearing to a later date and asked that the subpoenaed documents be delivered forthwith. The hearing will be rescheduled after the Respondent produces the subpoenaed documents.[1]
Practice Book Section 2-42 provides in pertinent part:
 "(a) If there is a disciplinary proceeding pending against a lawyer and the grievance panel, the reviewing committee or the statewide grievance committee believes that the lawyer poses a substantial threat of irreparable harm to his or her clients, or prospective clients, the panel shall so advise the statewide bar counsel. The statewide bar counsel . . . shall apply to the court for an order of interim suspension.
 (b) The court, pending final disposition of the disciplinary proceeding, may, if it finds that the lawyer poses a substantial threat of irreparable harm to his or her clients or to prospective clients, enter an order of interim suspension, or may order such other interim action as deemed appropriate. . . ."
CT Page 11349 The issue before the court, therefore, is whether the evidence presented to the court shows that the Respondent poses a substantial threat of irreparable harm to his or her clients, or prospective clients. In addition to the stipulation of facts recited above, the respondent spoke quite candidly at the hearing on this matter and acknowledged the truth of the allegations against him. He offered no excuses for his conduct and appeared to the undersigned to be struggling within himself to understand how it was that he could have done these serious acts. He disclosed that he felt under some temporary financial pressure, which he understood did not excuse his behavior, and he stated, without contradiction, that neither drugs, sex, gambling nor alcohol played any role in his transgressions.
The Applicant is still in the process of resolving the grievances against the Respondent. Although it is apparent from the stipulation of facts and the respondent's on the record admissions that the Respondent is virtually certain to be found to have violated our Rules of Professional Conduct and that reasonably stern discipline is likely to be imposed, it is also the case that no finding of misconduct has yet been made, nor is it clear when such an adjudication is likely to take place or precisely what the sanction will be. The court therefore has some concern that an order of interim suspension could last for a period of time longer than that which might be imposed as a result of the such an adjudication.
More significantly, however, the Applicant has not sustained its burden of establishing that the respondent poses a substantial threat of irreparable harm to his clients or prospective clients. As serious as his transgressions are, the Respondent has had no previous complaints filed against him in nearly 19 years of practicing law, and the incidents that are the subject of this petition are the only ones of which the Applicant is aware. Thus, as reprehensible as his conduct was with respect to those three incidents involving a single client, there has been no showing of any basis on which the court might conclude that the respondent's present or prospective clients are at substantial risk. Indeed, the respondent's candid admissions tend to reflect well on the prospects for his rehabilitation, and the fact that the underlying grievance complaints remain pending against him is likely to have some deterrent effect on future misconduct in light of the substantial enhancement of the sanctions to be applied if he were to violate the Rules again while his case is pending. The court therefore concludes that although the facts alleged by the Applicant and admitted to by the respondent are obvious causes for concern and will in all likelihood result in the imposition of some form of discipline, the Applicant has not shown that he "poses a substantial threat of irreparable harm to his . . . clients or prospective clients." CT Page 11350
As pointed out by the court, Teller, J., in Statewide GrievanceCommittee v. MacNeill, No. CV 98 0585852 (May 11, 1999) 1999 Ct. Sup. ___, "interim suspensions should be granted only for the most egregious misbehavior, involving criminal action or other culpable conduct of similar degree. Indeed, Rule 19 of the Model Rules for Lawyer Disciplinary Enforcement states that the court should place a lawyer on interim suspension upon proof that the lawyer has been convicted of a "serious crime" or is causing great harm to the public. . . . I believe that the administration of justice and the public will be properly safeguarded from the actions of the respondent pending disposition of the presentment proceedings by less draconian measures than his interim suspension, as such would severely and indeterminately punish him before a full hearing is had on the merits."
The acts of misconduct alleged in the grievance complaints and admitted by the Respondent should be matters of grave concern to the Statewide Grievance Committee, and the court urges the Applicant to move expeditiously in processing those complaints. In the absence of any other evidence demonstrating a "substantial threat of irreparable harm to his . . . clients or prospective clients," however, these acts alone, having occurred more than a year ago, do not justify the present imposition of an order of interim suspension. The Application for an Order of Interim Suspension is denied.
Jonathan E. Silbert, Judge